**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| STARLETTE RUFF, | : | Case No. 2:22-cv-3439 |
| Plaintiff, | : | |
| vs. | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| OHIO REFORMATORY FOR WOMEN, | : | |
| Defendant. | : | |

**ORDER**

Plaintiff, an inmate located at the Ohio Reformatory for Women, filed a motion for leave to proceed *in forma pauperis* in this Court on September 16, 2022. (Doc. 2). Because plaintiff's motion was incomplete and she failed to file a complaint, a Deficiency Order was issued on September 20, 2022. (Doc. 2). On November 17, 2022, after plaintiff failed to comply with Deficiency Order, it was recommended that this action be dismissed for want of prosecution. (Doc. 7). The Report and Recommendation remains pending.

This matter is currently before the Court on plaintiff's motion for an extension of time (Doc. 8) and motion for library access (Doc. 9).

**A. Motion for Extension of Time.**

On November 23, 2022, plaintiff filed a motion for an extension of time to comply with the September 20, 2022 Deficiency Order. (Doc. 8). Plaintiff claims that delayed mail delivery resulted in her failure to respond to the Deficiency Order.

For good cause shown, plaintiff's motion for an extension of time (Doc. 8) is **GRANTED** to the extent that the November 17, 2022 Report and Recommendation (Doc. 8) is

**WITHDRAWN** and plaintiff is granted an extension of time of **thirty (30) days** to comply with the September 20, 2022 Deficiency Order.  Specifically, plaintiff is **ORDERED** to file a complaint **within thirty (30) days** if she wishes to continue with this action.[1]

If plaintiff fails to comply with this Order, the Court shall dismiss this case for want of prosecution.  *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997).  If plaintiff's case is dismissed for failure to comply with this Order, the case will not be reinstated to the Court's active docket despite the payment of the filing fee.  *Id*.

Any motions for extension of time must be filed within thirty (30) days of the date of this Order.  All motions for extension of time must be accompanied by a notarized statement or declaration complying with 28 U.S.C. § 1746 setting forth the date plaintiff placed the motion in the prison mail system and stating that first class postage was prepaid.  If plaintiff does not receive the Order within thirty (30) days, plaintiff's motion for extension of time must also be accompanied by a notarized statement or declaration complying with 28 U.S.C. § 1746 setting forth the date plaintiff received this Order.

**B. Motion for Library Access**

Plaintiff has also filed a motion for library access.  Plaintiff seeks an Order from this Court for the warden and institutional librarian to provide her with library time.  (Doc. 9).

Plaintiff's motion for library access (Doc. 9) is **DENIED** as premature.  As indicated above, plaintiff has not filed a complaint in this case.  Accordingly, the Court cannot adjudicate plaintiff's motion seeking injunctive relief.  *See Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007) ("The Federal Rules of Civil Procedure make clear that *only* a proper-filed

---

[1] Plaintiff has already complied with the Deficiency Order to the extent that she has provided a certified copy of her prison trust fund account statement.  (*See* Doc. 8 at *PageID* 67-69).

'complaint' can commence a civil action. . . . Absent a proper-filed complaint, a court lacks power to issue preliminary injunctive relief."). To the extent that plaintiff intends to pursue an access-to-courts claim, she may include this claim in her complaint.

    **IT IS SO ORDERED.**


Date: <u>January 9, 2023</u>                         <u>*s/Peter B. Silvain, Jr.*</u>
                                                      Peter B. Silvain, Jr.
                                                      United States Magistrate Judge